## Case No. 12,648.

### SELMAN et al. v. DUN.

[12 Leg. Int. 321; 10 West. Law J. 459; 1 Quart. Law J. 251; 29 Hunt. Mer. Mag. 586.]

Circuit Court, E. D. Virginia. 1856.

PAYMENT—SENDING MONEY BY MAIL—USAGE.

[Enclosing money in a letter, and depositing the same in a post-office, for the purpose of paying a debt, is a payment, though it never reaches the creditor, if, from his letters demanding payment, taken in connection with an alleged usage of making remittances in this manner from the region of the debtor's residence, the debtor had reasonable grounds to believe that the creditor expected the remittance to be made by sending money through the mail.]

The plaintiffs in this suit, Selman & Son, were merchants in Baltimore, and the defendant, Dun, resident in Essex Co., Va. In the course of trade, the defendant gave to the plaintiffs his note for the sum of $699.47, payable at the Farmers' Bank of Virginia, at Richmond, on the 1st day of May, 1850. Before the note became due the defendant, Dun, went to Baltimore and requested the plaintiffs, who had sent the note to Richmond for collection, to withdraw it and hold it at Baltimore, as he did not know whether he would be able to take it all up at the time it fell due. The plaintiffs accordingly withdrew the note from the bank at Richmond and held it in Baltimore. On the 22d of April, 1850, the plaintiffs wrote to the defendant that they had withdrawn his note as requested, that they had it in Baltimore and requesting him to remit the money to take it up. On the 20th of May, they again wrote to him, requesting him to attend to the matter. On the 27th of May, Dun replied that he had received but one (the last) letter, that he called at the bank in Richmond on the 3d of May, and found no such note there, and requesting to know where the note was, and at what point payment was expected. In reply, the plaintiffs wrote that they held the note in Baltimore, adding, "If you will forward us the amount, we will send you the note." On the 24th of June, the defendant inquired by letter, of the plaintiffs, why they had not returned him the note, as he had forwarded the money according to request, and urging them to do so. The facts agreed by the counsel for both plaintiffs and defendant were: "That about the 7th of June, the sum of $700 was enclosed in a letter to the plaintiffs, and sent to Baltimore by mail to their address. That the usage and custom for persons in Essex county, purchasers and others, dealing with merchants in Baltimore and other Northern merchants was general, when they sent money to make payments, to send it by mail to such Northern merchants, and was known generally to such merchants in Baltimore and other places. That the $700 was sent after the receipt of Selman's letter of 30th May, directing the defendant to forward the amount, and, as Dun supposed, in pursuance and for the purpose of complying with that letter. That Dun borrowed the money for the purpose of bringing it down to Richmond to take up the note due the plaintiffs, and did bring it to Richmond for that purpose. That Essex county, where Dun resides, is about 43 miles from Richmond, 56 miles from Fredericksburg, and farther still from Norfolk, and these are the nearest points at which bank-drafts could be obtained, and that this was known to the plaintiffs." It was proved by the plaintiffs, that they never took the risk of remittances by mail from their customers upon themselves, that they never received the money or the letter containing it, that immediately upon the receipt of Dun's letter informing them that he had sent the money by mail, they made diligent investigation and search, but that neither they nor the officers of the post-office department could get any clue to it, and that upon the receipt of Dun's letter, they immediately sent a messenger to him demanding the payment of the note.

Griswold & Claiborne, for plaintiffs.
Patton & Patton, for defendant.

TANEY, Circuit Justice (charging jury). 1. If the letters of the plaintiffs to the defendant, urging the payment of the note, gave him reasonable grounds to believe that they desired and expected the money to be remitted to them by mail, he was authorized to make the remittance in that manner, at the risk of the plaintiffs.

2. It is for the jury to determine whether the language of the plaintiffs' letter gave to the defendant such reasonable ground of belief; and in forming their judgment, they are to take into consideration the whole correspondence and intercourse between the parties and the usages of trade in this respect, between the district or county in which the defendant resided, and the city of Baltimore, as well as the parol evidence offered by the respective parties.

3. And if upon the whole evidence, they find that the letters of the plaintiffs were sufficient to create such belief in the mind of a man of business and competent capacity, and that they did create that belief in the mind of the defendant, then the deposit of the letter enclosing the money, in good faith, in a post-office, through which correspondence was usually at that time carried on from his neighborhood to the city of Baltimore (the letter being sealed and properly directed), was payment of the note, although, from the fraud or negligence of the officers of the government, the money may never have reached the hands of the plaintiffs.